09-3602-cr
USA v. Mercedes

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

    At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 1st day of December, two thousand ten.

Present:    RALPH K. WINTER,
            GUIDO CALABRESI,
            ROBERT A. KATZMANN,
                        *Circuit Judges*,

_____

UNITED STATES OF AMERICA,

                *Appellee*,

                - v -                                              No. 09-3602-cr

JOSE ELIAS MERCEDES, also known as Jose Elias Mercedes Delmonte,

                *Defendant-Appellant*.

_____

For Defendant-Appellant:          CHERYL MEYERS BUTH, Law Office of Thomas
                                  Burton, Buffalo, N.Y.

For Appellee:                     GREGORY L. BROWN, Assistant United States
                                  Attorney, *for* William J. Hochul, Jr., United
                                  States Attorney for the Western District of New
                                  York, Buffalo, N.Y

.

Appeal from the United States District Court for the Western District of New York (Arcara, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Jose Elias Mercedes appeals from an August 18, 2009 judgment of the United States District Court for the Western District of New York (Arcara, *J.*), convicting him, following a jury verdict, of one count of making a false statement in violation of 18 U.S.C. § 1001(a)(2). We assume the parties' familiarity with the underlying facts, procedural history of this case, and the specification of issues on appeal.

Section 1001(a)(2) makes it a crime to "knowingly and willfully" "make[] any materially false, fictitious, or fraudulent statement or representation" in a matter within the jurisdiction of the United States government. Mercedes principally argues that the government's evidence at trial with respect to both the materiality and falsity of his statement was insufficient to support his conviction. A defendant challenging the sufficiency of the evidence supporting a jury verdict "bears a heavy burden, since he must show that 'no rational trier of fact could have found all of the elements of the crime beyond a reasonable doubt.'" *United States v. Caracappa*, 614 F.3d 30, 43 (2d Cir. 2010) (quoting *United States v. Schwarz*, 283 F.3d 76, 105 (2d Cir. 2002)). We review such a claim *de novo*, but we draw all inferences from the evidence and resolve all issues of credibility in favor of the jury's verdict. *See United States v. Oluwanisola*, 605 F.3d 124, 134-35 (2d Cir. 2010). Here, the evidence at trial, when viewed in the light most favorable to the government, was more than sufficient to permit a rational jury to conclude that Mercedes was guilty of the charged crime.

2

Mercedes contends first that the evidence did not establish that his claim of Cuban citizenship was material because the interviewing agent had "ruled out the possibility of relying on the statement" prior to its solicitation, Def.'s Br. 20, and Mercedes's claim was already documented in his Immigration file. "A false statement is material if it tends to or is capable of influencing the decision-making body to which it was addressed." *United States v. Stewart*, 433 F.3d 273, 318 (2d Cir. 2006). Mercedes concedes that the government does not need to rely on the statement for it to be material. As the Supreme Court has noted, "making the existence of this crime turn upon the credulousness of the federal investigator (or the persuasiveness of the liar) would be exceedingly strange." *Brogan v. United States*, 522 U.S. 398, 402 (1998). Mercedes's argument to the contrary finds no support in the case law. Here, because of the Immigration and Customs Enforcement ("ICE") policy of releasing Cuban aliens back into the United States after ninety days, rather than deporting them to Cuba, Mercedes's statement is clearly of the type that was capable of influencing the agency's decision-making process, and in fact, Mercedes had repeatedly avoided deportation prior to the instant case precisely because his claim of Cuban citizenship had been believed.

Mercedes also challenges the jury verdict on the sufficiency of the evidence establishing the falsity of his statement. He argues that "the jury failed to properly consider the uncontroverted testimony" of his Spanish linguistics expert, who opined that Mercedes spoke with a native Havana working-class dialect, Def.'s Br. 40, and no witness corroborated Mercedes's "alleged admission under interrogation that he was Dominican, not Cuban," Def.'s Br. 43. However, the evidence before the jury, including Mercedes's handwritten and signed statement admitting that he was, in fact, a citizen of the Dominican Republican, was more than

3

sufficient to establish that his claim of Cuban citizenship was false. In light of this and other evidence supporting his guilt, the jury was free to disregard the expert's testimony and any other evidence now emphasized by Mercedes.

Mercedes next argues that the district court erred in denying his motion for a new trial based on the government's purported violations of the district court's pretrial evidentiary ruling. Prior to trial, the district court ruled *in limine* that the government could not elicit testimony indicating that agents had contacted the defendant's mother in the Dominican Republic, that a photograph had been provided to her for identification, or that she had provided a statement. During the trial, the district court sustained defense counsel's objections to ICE Deportation Officer Alvi Castro's testimony that, *inter alia*, he had sent a photograph to the Dominican Republic for identification and that he had received a written statement from that investigation, and the court immediately directed the jury to disregard the objected-to statements. Rule 33 allows a district court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. In denying Mercedes's motion on this ground, the district court concluded that the government adhered to the pretrial evidentiary ruling "[f]or the most part," and any prejudice that may have resulted from improper questions and answers was "immediately cured" by the court's striking of that testimony. J.A. 763.

We review the district court's decision denying a new trial for abuse of discretion. *United States v. Josephberg*, 562 F.3d 478, 488 (2d Cir. 2009). Courts "normally presume that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it, unless there is an 'overwhelming probability' that the jury will be unable to follow the court's instructions, and a strong likelihood that the effect of the evidence would be 'devastating' to the

4

defendant." *Greer v. Miller*, 483 U.S. 756, 767 n.8 (1987) (internal citations omitted).  Mercedes argues that striking the testimony was insufficient to cure the harm of the challenged statements, which was to "communicate to the jury that an individual or individuals in the Dominican Republic were able to identify Jose Elias Mercedes [and] provide statements."  Def.'s Br. 38. Contrary to Mercedes's contention that "the jury's verdict undoubtedly hinged on the improper hearsay identification testimony," Def.'s Br. 39, we conclude that the Mercedes has failed to establish that he was prejudiced because there was ample admissible evidence, including his own written statement, establishing his guilt.  *Cf. Bank of China v. NBM LLC*, 359 F.3d 171, 183 (2d Cir. 2004) (erroneous evidentiary rulings are subject to harmless error review).  Accordingly, we conclude that district court's denial of Mercedes's post-trial motion was appropriate and not an abuse of discretion.

We have considered all of Mercedes's remaining arguments and find them to be without merit.  Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5